**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **NIKKI GARCIA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LAW OFFICE OF W. MARK WILCZYNSKI,** )<br>**P.C. and W. MARK WILCZYNSKI,** )<br>)<br>**Defendants.** ) | Case No. 3:20-cv-0097 |

**ORDER**

  **BEFORE THE COURT** is Plaintiff Nikki Garcia's ("Garcia") unopposed[1] motion to remand this matter to the Superior Court of the Virgin Islands (ECF No. 57.)

  On October 7, 2020, Defendants W. Mark Wilczynski and Law Office of W. Mark Wilczynski, P.C., removed this matter from the Superior Court of the Virgin Islands on the basis of federal question jurisdiction, specifically that Plaintiff alleged liability under the Family and Medical Leave Act ("FMLA"). *See generally* ECF No. 1. On September 15, 2021, Plaintiff moved to amend her complaint (ECF No. 56), which was granted on October 7, 2021 (ECF No. 59.) On October 15, 2021, Plaintiff filed her First Amended Complaint, removing the FMLA cause of action from this matter with only territorial claims remaining. ECF No. 62. On September 15, 2021, Plaintiff filed her instant motion to remand contemporaneously with her motion to amend her complaint, requesting that the Court decline to exercise supplemental jurisdiction over the remaining territorial claims. ECF No. 57. Defendants do not oppose this request. *See* ECF No. 67.

  Among other reasons, "district courts may decline to exercise supplemental jurisdiction over a claim … if the claim raises a novel or complex issue of State law … [or] the district court has dismissed all claims over which it has original jurisdiction… ." 28 U.S.C. § 1367(c). More forcefully, the Third Circuit instructs that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline

---

[1] *See* Defendants' "Notice of No Opposition to Plaintiffs Motion to remand for Lack of Subject Matter Jurisdiction," ECF No. 67.

to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (internal quotation marks omitted) (emphasis in original).

Considering the facts that the First Amended Complaint was only recently filed, that no dispositive motions have been filed to date, that any discovery conducted under this Court's jurisdiction will be applicable to the remanded proceeding, and that the parties appear to consent to remand, the Court finds that no such affirmative justification exists for retaining jurisdiction. The District Court is not markedly more convenient to either party than the Superior Court, and the parties will not incur substantial additional time or costs impacting either consideration of judicial economy or fairness. Therefore, the Court is required to decline to exercise supplemental jurisdiction.

The premises considered, it is hereby

**ORDERED** that Garcia's motion to remand is **GRANTED;** it is further

**ORDERED** that all pending motions are **MOOT**; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this Order to the Clerk of Court for the Superior Court of the Virgin Islands; it is further

**ORDERED** that this case is **CLOSED.**

**Dated:** January 20, 2022                          /s/ *Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**